UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID EARNEST,

Defendant.

Case No. 96-cr-40036-JPG-002

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant David Earnest's motion for a reduction

of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010,

Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018,

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 98).   The Government has

responded (Doc. 106), and the defendant has replied to that response (Doc. 109).

In July 1996, a jury found Earnest guilty of conspiracy to distribute and possess with

intent to distribute crack cocaine (Count 1) and possession with intent to distribute crack cocaine

(Count 2).   The indictment did not specify any drug amounts, and the jury was not instructed

that it must find a drug amount beyond a reasonable doubt.   At sentencing, the Court found

Earnest's relevant conduct was more than 50 grams and up to 75 grams of crack cocaine.   It

therefore sentenced him to the penalties in 21 U.S.C. § 841(b)(1)(A)(iii) which, at that time,

provided the punishment for offenses involving 50 grams or more of crack cocaine.[1]   Under

U.S.S.G. § 2D1.1(c)(4) (1995), that relevant conduct yielded a base offense level of 32.   That

base offense level was increased by 2 points under U.S.S.G. § 3C1.1 (1995) because the

---

[1] Paragraph 56 of the PSR shows that the Court understood the statutory range for Count 2 was 5 to 40 years under 21 U.S.C. § 841(b)(1)(B).

defendant committed perjury, establishing a total offense level of 34.   However, the Court

further found that the defendant was a career offender under U.S.S.G. § 4B1.1 (1995).   Because

the statutory maximum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) was life, the offense level

applicable under U.S.S.G. § 4B1.1(A) (1995) was 37.   Because the total offense level based on

U.S.S.G. § 4B1.1 (1995) was greater than the total offense level based on U.S.S.G. § 2D1.1

(1995), the Court applied the total offense level based on U.S.S.G. § 4B1.1 (1995).   The

defendant's criminal history category was VI, established by his career offender status under

U.S.S.G. § 4B1.1.   Under the sentencing table in U.S.S.G. Chapter 5, Part A, his sentencing

range was 360 months to life in prison.   The Court imposed a sentence of 420 months on each

count, to run concurrently, plus a 5-year term of supervised release.   After a remand to clarify a

sentencing issue, *see United States v. Earnest*, 129 F.3d 906 (7th Cir. 1997), the Court of

Appeals affirmed the Court's judgment, *see United States v. Earnest*, 185 F.3d 808 (7th Cir.

1999).

   The defendant now asks the Court to reduce his sentence in light of § 404 of the First

Step Act.[2]   Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[2] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered
> offense" means a violation of a Federal criminal statute, the statutory penalties for
> which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public
> Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a
> sentence for a covered offense may, on motion of the defendant, the Director of
> the Bureau of Prisons, the attorney for the Government, or the court, impose a
> reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public
> Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was
> committed.

offense, but only if the Court had imposed that sentence before another statute—the Fair

Sentencing Act—modified the statutory sentencing range for that offense.   First Step Act,

§ 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower

statutory sentencing ranges and allows the Court to bring past sentences into line with the lower

ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed

before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair

Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.   *See*

First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is

not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is

not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory

penalty provision that was changed by the Fair Sentencing Act.   *See United States v. Shaw*, 957

F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether

the Fair Sentencing Act modified a penalty).

The defendant committed his federal crimes before August 3, 2010, and the parties agree

that the Fair Sentencing Act changed the statutory punishments for those crimes.   *Id.*

Therefore, all parties agree that the defendant is eligible for a reduction.   The Court accordingly

---

(c) LIMITATIONS.—No court shall entertain a motion made under this section to
reduce a sentence if the sentence was previously imposed or previously reduced in
accordance with the amendments made by sections 2 and 3 of the Fair Sentencing
Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made
under this section to reduce the sentence was, after the date of enactment of this
Act, denied after a complete review of the motion on the merits. Nothing in this
section shall be construed to require a court to reduce any sentence pursuant to
this section.

has discretion to reduce the defendant's sentence.

In support of a sentence of time served (apparently he has already served approximately 290 months of his 420-month sentence) and a 3-year term of supervised release, the defendant points to the fact that conviction of the crime as charged against him—with no amounts and therefore a statutory maximum sentence of 20 years under 21 U.S.C. § 841(b)(1)(C)—would result in an offense level of 32 under U.S.S.G. § 4B1.1, so his guideline sentencing range would be 210 to 262 months.   He touts his accomplishments in prison—completing 61 hours of educational classes, earning his GED, and working.   He admits his 85-infraction disciplinary history and subsequent conviction of two counts of assaulting a federal correctional officer but suggests they are due in part to his incarceration in high-security facilities.   Finally, he points to his age—he is now 53—and notes that he will not be released from prison until 2048 (with current time credits, 2047), when he will be over 80 years old.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one.   It notes Earnest's conviction during his incarceration, for which he was sentenced 262 months in prison to be served consecutive to his 420-month sentence in this case.   *See United States v. Earnest*, 116 Fed. App'x 538 (5th Cir. 2004).   It further points to the Court's observations at Earnest's original sentencing based on his criminal history that he may never be able to adjust to society's norms and rules and that he was a danger to society.   The Government suggests the Court's prediction is borne out by Earnest's substantial disciplinary history while in prison comprising a number of infractions for violent behavior.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as

4

such a proceeding is not required by the First Step Act.   *United States v. Hegwood*, 934 F.3d

414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Cooper*, 803 F. App'x

33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing,

noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").

Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so

as the arguments are already well-articulated in the record.

    As recommended by the United States Court of Appeals for the Seventh Circuit in *United*

*Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-

sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in

deciding how to exercise its discretion in response to the defendant's request.   Its prior

consideration of the § 3553(a) factors explained at sentencing remains valid.   The Court notes

that, although it is not bound to give any reduction based on current statutes, guidelines, or

sentencing law, those factors are relevant to its consideration of how to exercise its discretion.

    When it passed the First Step Act, Congress intended to apply the benefits of the Fair

Sentencing Act to those who did not receive those benefits when they were sentenced.   In this

spirit, the Court considers what the defendant did, and how the Fair Sentencing Act would have

impacted his sentence for that conduct.   Regardless of how the offenses were charged, what

Earnest *actually did* was conspire to distribute 50 to 75 grams of crack cocaine (Count 1) and

possess with intent to distribute approximately 45 grams of crack cocaine (Count 2).

- Count 1:   Under the Fair Sentencing Act, the statutory range for conspiring to deliver 50
  to 75 grams of crack cocaine would have been 5-40 years under 21 U.S.C.
  § 841(b)(1)(B).[3]   Thus, under U.S.S.G. § 4B1.1, Earnest's offense level would have been

---

[3] The Court is aware that the conviction as charged would fall under 21 U.S.C. § 841(b)(1)(C)
today because it alleges no amounts.   The Court is further aware, however, that had the

5

34 and his guideline sentencing range would have been 262 to 327 months.

- Count 2:   Under the Fair Sentencing Act, the statutory range for distributing approximately 45 grams of crack cocaine would have been no more than 20 years under 21 U.S.C. § 841(b)(1)(C).   Because it was grouped with Count 1 under the guideline grouping rules, U.S.S.G. § 3D1.2(d), the guideline range would also have been 262 to 327 months.   However, the sentence would have been capped at 20 years, so the effective range would have been 240 months.

Earnest's 420-month sentence was above the guideline range and the statutory range that would have applied under the Fair Sentencing Act to both counts.   Nevertheless, the Court repeats that the First Step Act does not *require* it to reduce Earnest's sentence to these ranges, and Earnest is not *entitled* to any reduction.

The Court agrees with its initial assessment that Earnest is unlikely to ever be able to follow rules and get along in society.   His post-conviction conduct has demonstrated as much. Additionally, the accomplishments he has made in prison are minimal:   61 hours of education classes over a 24-year period of incarceration amounts to a little more than 2 hours of education per year; and working a job assigned by the prison is a bare minimum.   The Court commends Earnest for earning his GED, but that accomplishment is far overshadowed by his substantial disciplinary history of infractions that display violence and disregard for rules.   Indeed, he has had more disciplinary citations than hours spend in education classes.   And he has earned himself 262 more months in prison by committing two assaults on correctional officers.   The Court is firmly convinced, for the reasons stated at Earnest's original sentencing hearing as well as his conduct since then, that he remains a danger to the public, which needs to be protected

---

Government been prescient in anticipating the advisability of charging drug amounts, it might have charged Count 1 differently.   The Court finds that the defendant's actual conduct is more probative of whether he should get a reduction than the specificity of the charges as written.

from Earnest.   The Court has further considered the other factors in 18 U.S.C. § 3553(a) and

finds that they do not weigh against this conclusion.   It is for these reasons that the Court

declines to reduce Earnest's sentence pursuant to the First Step Act.

Accordingly, the Court **DENIES** the defendant's motion for a sentence reduction

pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the

Fair Sentencing Act (Doc. 98).

**IT IS SO ORDERED.**
**DATED:   July 21, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**